# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAAN KARIM PREMJEE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, and DETECTIVE CARLA ZUNIGA<br><br>Defendants. | **CASE NO. CV 18-04998 AB (ROA)**<br>*[Hon. Judge: Andre Birotte, Jr., Ctrm. 7B]*<br>*[Hon. Magistrate Judge: Rozella A. Oliver]*<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants' Motion for Summary Judgment came on regularly for hearing on September 13, 2019 at 9:00 a.m., before the Honorable Andre Birotte, Jr. After considering the moving, opposing, and reply papers, and having heard the arguments of counsel, the Court issued an Order granting the Motion for Summary Judgment in favor of Defendants.

The Court grants the Summary Judgment as follows:

(1)   Plaintiff's first and eighth claims fail as a matter of law because Plaintiff's arrest and subsequent prosecution were supported by probable cause. Furthermore, the detectives who investigated the criminal case against Plaintiff and effectuated his arrest are entitled to qualified immunity.

1

(2)     Plaintiff's second claim, which alleges the fabrication and/or concealment of evidence, fails because his unsupported allegations cannot and do not provide a sufficient basis for this claim.

(3)     Plaintiff's third claim, which alleges a Brady violation, also fails. District Courts in the Ninth Circuit generally hold that a conviction is necessary to establish prejudice for a Brady claim under 42 U.S.C. § 1983. Given that the trial court dismissed Plaintiff's criminal case at the conclusion of the preliminary hearing, Plaintiff's claim must fail for this reason alone.

(4)     Plaintiff's fourth claim fails because he has not demonstrated that his alleged injury "resulted from a 'permanent and well settled' practice … resulting from a local government custom." Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir.1989).

(5)     Plaintiff's fifth claim fails given that his arrest and subsequent prosecution were supported by probable cause. Even if criminal charges were brought without probable cause, a related hurdle effectively ends Plaintiff's claim—the rebuttable presumption that a prosecutor exercises independent judgment in deciding to file charges. Plaintiff adduced no evidence "that the district attorney was subjected to unreasonable pressure by the police officers, or that the officers knowingly withheld relevant information with the intent to harm [him], or that the officers knowingly supplied false information." Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir. 1986). Therefore, Plaintiff failed to rebut this presumption.

(6)     Plaintiff's sixth claim fails because the allegations as set out in the First Amended Complaint are unsupported by any competent evidence. Furthermore, neither the detectives' alleged conduct, nor Chief Beck's, gives rise to a cause of action in this case. Consequently, the City cannot be held vicariously liable here.

(7)     Plaintiff's seventh claim, which alleges a violation of the Bane Act, fails as well. When based on a false arrest claim—as it is here—the Bane Act requires a specific intent to violate the arrestee's right to freedom from unreasonable seizure.

However, Plaintiff's arrest was supported by probable cause and, therefore, he cannot maintain a Bane Act claim.

(8) Plaintiff's ninth claim, which alleges intentional infliction of emotional distress, fails as well. Plaintiff's other, relevant claims fail on the merits—his arrest was supported by probable cause and the detectives neither fabricated nor concealed evidence from the prosecution, whether that evidence was exculpatory in nature or constituted impeachment material. Given that the complained-of conduct did not in fact occur, no reasonable jury could find that the detectives' conduct was extreme and outrageous. Thus, Plaintiff's IIED claim must fail.

**IT IS SO ORDERED:**

DATED: _____ _____

**HONORABLE ANDRE BIROTTE, JR.**