LAW OFFICES OF VICKI I. SARMIENTO
A Professional Corporation
VICKI I. SARMIENTO, SBN 134047
333 North Garfield Avenue
Alhambra, California  91801
vsarmiento@vis-law.com
Telephone:  (626) 308-1171
Facsimile  : (626) 308-1101

LAW OFFICES OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
dalekgalipo@yahoo.com
Telephone:  (818) 347-3333
Facsimile:  (818) 347-4118

*Attorneys for Plaintiff*, ARMAAN K. PREMJEE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAAN KARIM PREMJEE, | Case No.: 2:18-cv-04998-AB-(RAOx) |
| Plaintiff, | *The Honorable Andre Birotte, Jr.* |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE CERTAIN OPINIONS BY DDA LANA KIM** |
| CITY OF LOS ANGELES; CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, DETECTIVE CARLA ZUNIGA, and DOES 1-10, inclusive. | |
| | Pretrial Conf:  November 8, 2019 |
| Defendants. | Trial Date      :  December 3, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on November 8, 2019 at 11:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7B of the above-entitled Court, Plaintiff will and hereby moves the Court by way of this Motion *in Limine* No. 3 to exclude the following opinions by Deputy District Attorney Lana Kim ("DDA Kim"): (1) express or implied opinions that Detectives Gamino and Zuniga did not do anything wrong and/or that Plaintiff's claims against the Detectives lack merit;

(2) that she would have filed charges irrespective of the evidence not provided to her by the Detectives when they presented the case for filing; and, (3) that Judge Pastor misunderstood or misapplied the law when he dismissed the charges against Mr. Premjee.

**Statement of Local Rule 7-3 Compliance**:  This motion is made following a conference of counsel in which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.  A proposed order is submitted herewith.

Respectfully submitted,

Dated:  October 18, 2019          LAW OFFICES OF VICKI I. SARMIENTO
                                  LAW OFFICES OF DALE K. GALIPO

                        By:  */s/ Vicki I. Sarmiento*
                              Vicki I. Sarmiento
                              *Attorneys for Plaintiff*
                              ARMAAN PREMJEE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a civil rights case regarding Mr. Premjee's wrongful arrest and prosecution for rape.  Mr. Premjee was initially arrested for rape of an unconscious woman under Penal Code § 261(a)(4), which charge was later changed to rape of a person too intoxicated to give legal consent under Penal Code § 261(a)(3)[1].  Mr. Premjee was not guilty under any Penal Code section because he did not rape Arshia.  Mr. Premjee's arrests were the result of Detectives Gamino's and Zuniga's reckless disregard for his innocence.  No reasonable detective would have arrested Mr. Premjee without conducting a thorough investigation and without reviewing the available evidence and information pointing to Mr. Premjee's innocence.  Moreover, no detective would have engaged in suggestive witness interviews with the goal of having the witnesses recant and/or question their original statements which were favorable to Mr. Premjee and were exculpatory.

On about midnight of April 1, 2017, Mr. Premjee met Arshia at a bar called Banditos located near the U.S.C. campus where they were both students.   Arshia initiated the contact with Mr. Premjee.  They discovered they were both from the same town in Mumbai, India.  Arshia was very aggressive and within minutes of their meeting she began kissing his neck.  After making out at the bar they decided to leave Banditos to have consensual sex.  Their interaction inside and outside of Banditos was captured on surveillance videos.  Prior to leaving with Mr. Premjee in an Uber, the Banditos video shows Arshia making a universal sexual sign to her friend Kavya Nayar

---

[1] Mr. Premjee was also charged with violating Penal Code § 289 (penetration by foreign object).  This charge was dismissed by the prosecutor prior to the start of the preliminary hearing.

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE CERTAIN OPINIONS BY DDA LANA KIM

using one hand to form a circle and the index finger from her other hand inserting it in and out of the circle, in a clear signaling that she was leaving to have sex with Mr. Premjee. Within approximately half-hour of leaving Banditos, Arshia checked-in Mr. Premjee as her guest at Fluor Tower where she lived.  Witness Ronniecia Stringfellow, who worked at Fluor Tower checked them in.  Ms. Stringfellow described them as a "happy couple" and stated she had a pleasant conversation with them.  She also stated that Arshia was "flirting" with Mr. Premjee.   Their interactions at the check-in counter of Fluor Tower were also captured on video.

Neither Detectives Gamino or Zuniga were interested in what the videos showed because the videos did not support their conclusion that Arshia had been raped—although Arshia did not view herself as rape victim (and to this day does not believe she was raped—instead, she claims to have no memory of the events).  The Detectives based their conclusion on a blood alcohol level taken almost 2 ½ hours after the sexual intercourse between Mr. Premjee and Arshia.  The Detectives also based their erroneous conclusion of an "admission" in text messages between Mr. Premjee and his friend Harsh Godwani.

Although Det. Gamino obtained the videos as early as April 3, 2017 (the Fluor Tower video) and April 6, 2017 (the Banditos video), neither Gamino nor Zuniga bothered watching them until *after* they presented the case to the Deputy District Attorney Lana Kim ("DDA Kim") for the filing of charges.  Even after watching the videos, they failed to bring it to DDA Kim's attention and the video from Banditos showing Arshia's sexual signal was brought to DDA Kim's attention by Harland Braun, Mr. Premjee's criminal defense attorney a few days before the preliminary hearing in July 2017.  Moreover, the Detectives failed to summarize the video contents in any follow-up reports, and failed to show the Banditos video to Arshia where she is shown making an explicit sexual gesture until July 19, 2017 (again at the insistence of Mr.

2

Braun).  Plaintiff contends that Dets. Gamino and Zuniga made up their mind on April 1st that Mr. Premjee was guilty of rape, and thereafter sought to ignore, and attempted to suppress, any evidence that would contradict their theory, and they sought to undermine the witness statements taken by the original officers, Meraz and Zamora, which  negated probable cause to arrest Mr. Premjee for rape.

DDA Kim did not exercise independent judgment and has gone to great lengths to attempt to absolve Detectives Gamino and Zuniga from liability, including offering sweeping statements that are inadmissible because they are not expert opinions and are inadmissible lay opinions.  By this motion, Plaintiff seeks to exclude the following opinions made by DDA Kim:  (1) any direct or implied opinion that Detectives Gamino and Zuniga did not do anything wrong and/or that Plaintiff's claims lack merit ; (2) that she would have filed charges against Mr. Premjee irrespective of the evidence not provided to her by the Detectives when they presented the case for filing; and, (3) that Judge Pastor misunderstood or misapplied the law when he dismissed the charges against Mr. Premjee.

## II.   THE COURT SHOULD EXCLUDE CERTAIN OPINIONS BY DDA KIM UNDER FRE 701 AS INADMISSABLE LAY OPINIONS

DDA Kim has made certain statements in an IA interview and in deposition that Plaintiff seeks to exclude because they are not expert opinions; rather they are essentially lay opinions and inadmissible under Fed.R.Evid. 701.  A lay witness may only testify in the form of an opinion if it is rationally based on his perception, helpful to a clear understanding of the witness or a determination of a fact at issue, and not based on knowledge covered by expert opinions.  Fed.R.Evid. 701.  Lay witnesses may not testify to the justness of a cause or the culpability of a civil litigant because such is an opinion that is not based on the witness' perception or helpful to a clear understanding or determination of a factual issue by the jury as required by Fed.R.Evid.

701. The parties are in no better position than the trier of fact to determine the justness of the cause or the culpability of a litigant. *See Hester v. BIC Corp.,* 225 F.3d 178, 181 (2d Cir.2000) ("[l]f 'attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by Rule 701(b)' " (quoting *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992)

In general, "[t]estimony that simply tells the jury how to decide is not considered 'helpful' as "lay opinion." *Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1468 n. 3 (9th Cir. 1997) (citing Fed.R.Evid. 701) *see also Kostelecky v. NL Acme Tool/NL Indus., Inc. 837 F.2d 828, 830 (8th Cir. 1988)* ("Under either [Rule 701] or [Rule 702], evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible.").

**Opinion regarding the lack of culpability by the Detectives**:  Allowing Ms. Kim to state either directly or indirectly that the Detectives did not do anything wrong and/or that Plaintiff's claims against the Detectives "did not happen" (implying that they lack merit) are assertions that  amount to little more than choosing up sides, and should be excluded for lack of helpfulness as called for by Rule 701(b).   Moreover, any express or implied opinion by Ms. Kim regarding her opinion about the lack of culpability by the Detectives is inadmissible under Fed.R.Evid. 701.

**Opinion that she would have filed charges anyway**:  Defendants have proffered in their motion for summary judgment that DDA Kim would have filed the case irrespective of the evidence and information that Plaintiff claims was not given to her by Dets. Gamino and Zuniga when they presented the case for filing. (Def. Motion for Summary Judgment Dkt #37, page 26, L9-21)   If Ms. Kim and makes such statements at trial, this is simply another way of telling the jury that the Detectives did not do anything wrong when they presented the case to the prosecutor—a disputed issue in this case for the jury to decide.  Allowing DDA Kim to make such sweeping

4

statements will usurps the jury's function and is not sufficiently helpful to the trier of fact to be admissible.

**Opinion that Judge Pastor misunderstood or misapplied the law**:  In her deposition, DDA Kim stated that she believed Judge Pastor misunderstood or misapplied the law when he dismissed the charges following the preliminary hearing. This opinion is inadmissible under Fed.R.Evid. 701 and under Fed.R.Evid. 702 (expert opinion) because it is a legal conclusion.  If this opinion is offered as an expert opinion, it would nonetheless be inadmissible because it is a legal conclusion.  See *Fireman's Fund Ins. Cos*., 106 F.3d at 1468, (the district court precluded an expert from offering legal conclusions because they would have served "to do nothing more than tell the jury what result it should reach"). Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court."  *Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004) (internal citations and quotation marks omitted); *see also* Fed.R.Evid. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue").  Therefore, DDA Kim's opinions that Judge Pastor misunderstood or misapplied the law should be excluded.

### III.   THE OPINIONS OF DDA KIM ARE NOT EXPERT OPINIONS

DDA Kim was listed as a non-retained expert in Defendants' expert disclosures. However, the opinions sought to be excluded in the instant motion are not expert opinions.   An expert witness cannot give an opinion as to his/her *legal conclusion* i.e. an opinion on an ultimate issue of law.  (Emphasis in original).  *Hangarter v. Provident Life and Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004), *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 557 (U.S.D.C.- C.D. Cal. 2014).  Even if Defendants attempt to cast the opinions by DDA Kim as "expert" opinions, they should be excluded.  First, Ms. Kim's personal belief that the Detectives did not do anything wrong or that Plaintiff's claims

5

lack merit do not assist the trier of fact but rather usurps the jury's function.  Second, whether Ms. Kim would have filed the charges against Mr. Premjee irrespective of the evidence NOT given to her by the Detectives when they presented the case for filing is not an expert opinion.  Ms. Kim cannot set her own standard to bypass the obligations and duties that Detectives Gamino and Zuniga had with respect to turning over evidence in their possession to the prosecutor.  The Detectives were obligated to turn over to the prosecutor the evidence and information <u>in their possession</u> at the time they presented the case to her for filing consideration.  This does not involve a situation where the Detectives came upon evidence or acquired evidence not known to them when they presented the case to the prosecutor.  A belated opinion by Ms. Kim that whether or not she was given the videos and/or witness statements at the time of filing by the detectives did not not affect her filing decision is another way of circumventing the jury's function in deciding the issues in this case. Whether or not Detectives Gamino and Zuniga acted with reckless disregard toward Plaintiff or, at a minimum were negligent, are legal conclusions.  Ms. Kim should not be permitted to give legal conclusions couched in the form of an expert opinion.

## IV.   <u>THE OPINIONS BY DDA KIM ARE MORE PREJUDICIAL THAN PROBATIVE</u>

Plaintiff contends that the personal beliefs or opinions by DDA Kim sought to be excluded have no probative value and they invade the province of the jury.  Even assuming these opinions had any probative value, any probative value is outweighed by their prejudicial effect on Mr. Premjee and should be excluded under Fed.R.Evid. 403. Because of Ms. Kim's position of authority as a Deputy District Attorney, the jury will likely give undue weight to her opinions as opposed to a non-authority figure. Moreover, the jury will likely be influenced by Ms. Kim's opinions because of her title and position as a Deputy District Attorney.

6

## V.   **CONCLUSION**

For the reasons above, the Court should grant Plaintiff's Motion *in Limine* No. 3 to exclude DDA Lana Kim from offering inadmissible opinions as set forth above.

Dated:  October 18, 2019          **LAW OFFICES OF VICKI I. SARMIENTO**
                                  **LAW OFFICES OF DALE K. GALIPO**

                                  By:   */s/ Vicki I. Sarmiento*
                                        VICKI I. SARMIENTO
                                        Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE CERTAIN OPINIONS BY
DDA LANA KIM