1 | MICHAEL N. FEUER, City Attorney
2 | KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
  | SCOTT MARCUS, Chief, Civil Litigation Branch (SBN 184980)
3 | CORY M. BRENTE, Managing/Supervising Assistant City Attorney (SBN 115453)
  | ELIZABETH T. FITZGERALD, Deputy City Attorney (SBN 158917)
4 | 200 N. Main Street, 6th Floor, City Hall East
  | Los Angeles, California 90012
5 | Tel: (213) 978-7560   Fax: (213) 978-8785
6 | Email: elizabeth.fitzgerald@lacity.org
  | *Attorneys for Defendants* **CITY OF LOS ANGELES, CHARLIE BECK, OSCAR
7 | GAMINO and CARLA ZUNIGA**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAAN KARIM PREMJEE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, DETECTIVE CARLA ZUNIGA,<br><br>Defendants. | **Case No. CV18-04998 AB (RAO)**<br>*Hon Judge: Andre Birotte, Jr.; Crtm 7B*<br>*Hon Magistrate Judge: Rozella A. Oliver*<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTION OF FACT AND LAW**<br><br><u>**Final Pretrial Conference and Hearing on Motions in Limine Date: November 8, 2019, at 11:00 a.m.**</u><br><br><u>**Trial Date: December 3, 2019, at 9:00 a.m.**</u><br>**Courtroom: 7-B** |

TO THE HONORABLE COURT AND TO THE CLERK OF THE COURT:

Defendants **CITY OF LOS ANGELES, CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO AND DETECTIVE CARLA ZUNIGA** hereby submit the following Memorandum of Contentions of Fact and Law.

///

///

1

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I. FACTS

Late in the evening, on Friday, March 31, 2017, USC student "Arshia" who had been smoking marijuana during the day went to a bar called Banditos. She consumed drinks that evening at Banditos, in front of Armaan Premjee. The two began putting hands on each other and Premjee lifted her onto the bar, only to be asked to by the owner to take her down off the bar. The two left Banditos with the assumed plan of having sex. Arshia had consumed a substantial amount of alcohol and marijuana and she was visibly intoxicated.

Premjee took her to his fraternity house, Kappa Sigma, a house that was on "probation". As she got out of the Uber which the two traveled in, she had trouble getting out of the car, walking, and her shoes fell off. Premjee carried her up the fraternity stairs because he "thought it would be romantic". His fraternity brothers told a different story at the premlinary hearing stating that Arshia could not walk straight and was very drunk. Premjee's fraternity brothers directed Premjee to send Arshia home immediately in an Uber given that she was stumbling and could was visibly drunk. Premjee tried to sneak Arshia into his room, anyhow. The two fraternity brothers again directed Premjee to send Arshia home to her dorm and not to get in the Uber with her. When the Uber arrived, Premjee did in fact jump in the Uber with Arshia and went to her dorm with her. The fraternity brothers were so disgusted with Premjee's behavior they called the head quarters of Kappa Sigma on their own the following morning to report Premjee's behavior, and he was expelled from the fraternity.

At her dorm, Arshia was so intoxicated she was stumbling and having trouble pushing the elevator button up to her dorm room floor. Premjee came with her to her room. He told Arshia "you are pretty drunk, are you sure you want to do this?" The two ended up having sex in the living room of Arshia's dorm room suite. Two of Arshia's roommates saw a naked Armaan Premjee on top of a female and yelled at him "she is completely wasted, what are you doing?" At that point, Arshia was no longer

2

moving and had passed out from alcohol. Armaan Premjee quickly left. Arshia's roommates were unable to wake her and paramedics were called. Arshia's blood alcohol was measured at .324 and she was intubated so she would not die. When she awoke, she remembered nothing of the evening. When she learned that someone had taken advantage of her extreme drunkenness she cried and said "who would do such a thing to a person in my state?"

As for Premjee, he left the dorm, returned to Banditos, and immediately texted one of his friends as follows: "Bro, I fucked up, or at least I think I did" and asked his friend if his actions would qualify as "sexual assault". In his message he stated that Arshia was blackout drunk when she met him and she was "still blackout drunk" when they had sex. He texted his friend that "she couldn't walk straight" and "even during sex she was sloppy and all over the place." Premjee's friend advised him to "maintain that you were…as drunk as her if not worse. That way you cannot be blamed."

At deposition Premjee was asked if he had any remorse for his actions that night and he responded "absolutely not, she knew exactly what she wanted and I gave it to her." He further said that he was embarrassed being seen naked by Arshia's roommates and had testified that he felt the roommates owed him and apology for yelling at him about having sex with their incapacitated roommate.

At the preliminary hearing, the court, due to arguably incorrect analysis concluded that Arshia had pursued Premjee and there was no evidence of withdrawal of consent by Arshia. The actual legal standard, however, that should have been applied was whether Arshia had the **capacity** to consent. Consent, on its own, was not the proper legal standard.

///
///
///
///
///

## II. PLAINTIFF'S CLAIMS

Plaintiff brings an excessive number of claims in this action, many which are simply duplicative state law claims. Those claims are as follows:

**Claim 1:** Violation of 42 U.S.C. Section 1983, Arrest without probable cause

**Claim 2:** Violation of 42 U.S.C. Section 1983, Fabrication and concealment of Evidence in violation of the 14th Amendment to Due Process

**Claim 3:** Violation of Section 1983 – Brady violations – 14th Amendment Due Process

**Claim 4:** Monell -- Section 1983 official policy, fail to train, ratification

**Claim 5:** Malicious Prosecution

**Claim 6:** Negligence/Negligent training and supervision

**Claim 7:** Bane Act violation Section 51 and 52.1

**Claim 8:** False Arrest and False Imprisonment

**Claim 9:** Intentional Infliction of Emotional Distress

## III. ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS

**Claim 1:** Violation of 42 U.S.C. Section 1983, Arrest without probable cause

(1) The Defendant Officers acted under color of law;

(2) the officer lacked probable cause to arrest the Plaintiff;

(3) the officers arrested the Plaintiff;

(4) the arrest caused injury to the Plaintiff.

[Ninth Circuit Model Jury Instruction 9.20]

///
///
///
///
///
///
///

4

1  **Claim 2:** Violation of 42 U.S.C. Section 1983, Fabrication and concealment of
2  Evidence in violation of the 14th Amendment to Due Process to prove a claim under
3  *Brady*, plaintiff must prove that:
4      (1) the withheld evidence was favorable either because it was exculpatory or could
5  be used to impeach,
6      (2) the evidence was suppressed by the government, and
7      (3) the nondisclosure prejudiced plaintiff. *Smith v. Alameda* (9th Cir. 2011) 640
8  F.3d 931, 939; *Tennison v. City and County of San Francisco* (9th Cir. 2009) 570
9  F.3d 1078, 1089; *Strickler v. Greene* (1999) 527 U.S. 263, 289.
10 **Claim 3:** Violation of Section 1983 – Brady violations – 14th Amendment Due Process
11 To prove a claim under *Brady*, plaintiff must prove that
12     (1) the withheld evidence was favorable either because it was exculpatory or could
13 be used to impeach,
14     (2) the evidence was suppressed by the government, and
15     (3) the nondisclosure prejudiced plaintiff. *Smith v. Alameda* (9th Cir. 2011) 640
16 F.3d 931, 939; *Tennison v. City and County of San Francisco* (9th Cir. 2009) 570 F.3d
17 1078, 1089; *Strickler v. Greene* (1999) 527 U.S. 263, 289.
18 **Claim 4:** Monell -- Section 1983 official policy, fail to train, ratification
19     (1) Defendant acted under color of law;
20     (2) The act of defendant deprived Plaintiff of his right to be free from
21 unreasonable force and unreasonable seizure;
22     (3) Defendants acted pursuant to an expressly adopted official policy or a
23 longstanding practice or custom of the defendant. [Ninth Circuit Model Instruction 9.4]
24 **Claim 5:** Malicious Prosecution
25     (1) Defendant was actively involved in causing Plaintiff to be prosecuted;
26     (2) The criminal proceeding ended in Plaintiff's favor;
27     (3) That no reasonable person in Defendant's circumstances would have believed
28 that there were grounds for causing Plaintiff to be arrested or prosecuted;

5

    (4) Defendant acted primarily for a purpose other than to bring Plaintiff to justice;

    (5) Plaintiff was harmed; and

    (6) Defendant's conduct was a substantial factor in causing Plaintiff's harm.

[CACI 1500]

**Claim 6:** Negligence/Negligent training and supervision

    (1) Defendants were negligent;

    (2) Plaintiff was harmed;

    (3) Defendants' negligence was a substantial factor in causing Plaintiff's harm.

[CACI 400]

**Claim 7:** Bane Act violation Section 51 and 52.1

    (1) Defendant interfered with plaintiff's constitutional rights to be free from unreasonable seizure by committing violent acts;

    (2) Plaintiff reasonably believed that if he exercised his constitutional right to be free from unreasonable force or unreasonable seizure, the defendant officers would commit violence against him;

    (3) Plaintiff was harmed; and (4) Defendants' conduct was a substantial factor in causing Plaintiff's harm.

[CACI 3025]

**Claim 8:** False Arrest and False Imprisonment

    Defendant's acts were intentional;

    Defendant acted under color of law;

    The acts of defendant were the cause of the deprivation of Plaintiff's rights protected by the Constitution or laws of the United States.

[Ninth Circuit Model Instruction 9.2.]

///
///
///
///

6

**Claim 9:** Intentional Infliction of Emotional Distress

    (1) Defendants' conduct was outrageous;

    (2) Defendant intended to cause plaintiff emotional distress;

    (3) Plaintiff suffered severe emotional distress; and

    (4) Defendant's conduct was a substantial factor in causing plaintiff's emotional distress.

[CACI 1600]

## IV. DEFENDANTS' EVIDENCE IN OPPOSITION TO EACH CLAIM

For each claim, defendants will present the testimony of Detective Gamino, Detective Zuniga, District Attorney Lana Kim, medical personnel who saved Arshia's life, intubated Arshia and determined she was suffering from nearly fatal alcohol poisoning (.324, and possibly higher earlier), roommates of Arshia, Armaan Premjee, Armaan Premjees Fraterity brothers who observed Arshia's incapacitation, and possibly other witnesses. Defendants will also play the taped interview of victim Arshia, and may play taped interviews of other witnesses depending on their availability to testify at trial.

## V. DEFENDANTS' COUNTER CLAIMS AND AFFIRMATIVE DEFENSES

Defendants are not pursuing any counterclaims against Plaintiff but will pursue the affirmative defense of qualified immunity.

## VI. ELEMENTS TO AFFIRMATIVE DEFENSES

(1) Whether Defendants' alleged conduct violated a constitutional right;

(2) If a constitutional right was violated, whether the constitutional right was "clearly established." See Saucier v. Katz, 533 U.S. 194, 200 (2001); Ramirez v. City of Buena Park, 560 F.3d 1012, 1020 (9th Cir. 2009).

## VII. EVIDENTIARY PROBLEMS

Evidentiary issues have been raised in Plaintiffs' motions in limine which will be heard at the Pre-Trial Conference on November 8, 2019.

///

///

7

## VIII. ISSUES OF LAW

(1) Whether there was probable cause to arrest Plaintiff;

(2) Whether Plaintiff was maliciously prosecuted;

(3) Whether Plaintiff suffered emotional distress;

(4) Whether defendant threatened to interfere with a constitutional right of Plaintiff;

(5) Whether defendant was negligent.

(6) Whether the detectives committed Brady violations

## IX. BIFURCATION OF ISSUES

Defendants request that the trial bifurcated into a (1) liability and damages phase; and (2) punitive damages phase, if needed.

Dated: October 18, 2019

Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Assistant City Attorney
**SCOTT MARCUS**, Chief, Civil Litigation Branch
**CORY M. BRENTE**, Managing/Suprv. Assistant City Attorney

By: /S/ *Elizabeth T. Fitzgerald*
　　**ELIZABETH T. FITZGERALD**, Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, CHARLIE BECK, OSCAR GAMINO and CARLA ZUNIGA**