LAW OFFICES OF VICKI I. SARMIENTO
A Professional Corporation
VICKI I. SARMIENTO, SBN 134047
333 North Garfield Avenue
Alhambra, California 91801
vsarmiento@vis-law.com
Telephone: (626) 308-1171
Facsimile : (626) 308-1101

LAW OFFICES OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
dalekgalipo@yahoo.com
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiff*, ARMAAN K. PREMJEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAAN KARIM PREMJEE,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, DETECTIVE CARLA ZUNIGA, and DOES 1-10, inclusive.<br><br>   Defendants. | Case No.: 2:18-cv-04998-AB-(RAOx)<br><br>*The Honorable Andre Birotte, Jr.*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE AND/OR LIMIT THE TEXT MESSAGES BETWEEN PLAINTIFF AND HARSH GODHWANI**<br><br>Pretrial Conf.: November 8, 2019<br>Trial Date    : December 3, 2019 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 8, 2019 at 11:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7B of the above-entitled Court, Plaintiff will and hereby moves the Court by way of this Motion *in Limine* No. 4 to

exclude the text messaging between Armaan Premjee and Harsh Godhwani as hearsay, and calling for speculation, and more prejudicial than probative under Fed.R.Evid. 403. Alternatively, to exclude Mr. Godhwani's responses to Mr. Premjee's text message based on hearsay, irrelevant, inadmissible lay opinion under Fed.R.Evid. 701, and more prejudicial than probative under Fed.R.Evid. 403.

**Statement of Local Rule 7-3 Compliance**:  This motion is made following a conference of counsel in which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.  A proposed order is submitted herewith.

Respectfully submitted,

Dated:  October 18, 2019

                  LAW OFFICES OF DALE K. GALIPO
                  LAW OFFICES OF VICKI I. SARMIENTO

By:   */s/ Vicki I. Sarmiento*
        Vicki I. Sarmiento
        *Attorneys for Plaintiff*
        ARMAAN PREMJEE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This is a civil rights case regarding Mr. Premjee's wrongful arrest and prosecution for rape.  Mr. Premjee was initially arrested for rape of an unconscious woman under Penal Code §261(a)(4), and his arrest charge was later changed to rape of a person too intoxicated to give legal consent under Penal Code § 261(a)(3)[1].  Mr. Premjee was not guilty under any Penal Code section because he did not rape Arshia. Mr. Premjee's arrests were the result of Detectives Gamino's and Zuniga's reckless disregard for his innocence.  No reasonable detective would have arrested Mr. Premjee without conducting a thorough investigation and without reviewing the available evidence and information pointing to Mr. Premjee's innocence.  Moreover, no detective would have engaged in suggestive witness interviews with the goal of having the witnesses recant and/or question their original statements which were favorable to Mr. Premjee and were exculpatory.

On about midnight of April 1, 2017, Mr. Premjee met Arshia at a bar called Banditos located near the U.S.C. campus where they were both students.   Arshia initiated the contact with Mr. Premjee.  They discovered they were both from the same town in Mumbai, India.  Arshia was very aggressive and within minutes of their meeting she began kissing his neck.  After making out at the bar they decided to leave Banditos to have consensual sex.  Their interactions inside and outside of Banditos was captured on surveillance videos.  Prior to leaving with Mr. Premjee in an Uber, the Banditos video shows Arshia making a universal sexual sign to her friend Kavya Nayar

---

[1] Mr. Premjee was also charged with violating Penal Code § 289 (penetration by foreign object).  This charge was dismissed by the prosecutor prior to the start of the preliminary hearing.

using one hand to form a circle and the index finger from her other hand inserting it in and out of the circle, in a clear signaling that she was leaving to have sex with Mr. Premjee. Within approximately half-hour of leaving Banditos, Arshia checked-in Mr. Premjee as her guest at Fluor Tower where she lived.  Witness Ronniecia Stringfellow, who worked at Fluor Tower checked them in and she described them as a "happy couple," stated that she had a pleasant conversation with them, and stated that Arshia was "flirting" with Mr. Premjee.   Their interactions at the check-in counter of Fluor Tower were captured on video.  However, neither Detectives Gamino or Zuniga were interested in what the videos showed because the videos did not support their conclusion that Arshia had been raped—although Arshia did not view herself as rape victim (and to this day does not believe she was raped—instead, she claims to have no memory of the events).  The Detectives based their conclusion on an alleged blood alcohol level taken almost 2 ½ hours after the sexual intercourse between Mr. Premjee and Arshia.  The Detectives also based their erroneous conclusion on text messaging the saw as an "admission" between Mr. Premjee and his friend Harsh Godwani.

    Mr. Premjee's text message that "she [Arshia] was 'blackout drunk' when he met her and she was 'blackout drunk' when they had sex" is NOT an admission.  Clearly, the objective evidence shows that Arshia was not blackout drunk at either instance.  The term "blackout drunk" as used by Mr. Premjee is not synonymous to being unconscious or too intoxicated to exercise judgment.   Mr. Premjee's text message was erroneously slapped with the label of "an admission" by GAMINO and ZUNIGA (later adopted as such by D.A. Kim).  The video evidence from both Banditos and Fluor Tower shows that Arshia was not "blackout drunk" at the bar or when she voluntarily checked-in Mr. Premjee as her guest at her dormitory.

## II. THE TEXT MESSAGES CONTAIN HEARSAY AND IMPROPER LAY OPINIONS

"Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the trial and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. Federal Rules of Evidence 801 and 802.

Plaintiff's text message is not an admission but rather a question posed to Mr. Godhwani who was not present during any of the interaction between Plaintiff and Arshia. Plaintiff starts the text message to Mr. Godhwani as follows: "Bro I fucked up or at least I think I did. I need your opinion." The following is Mr. Godhwani's response:

> "Technically it's wrong, as her decision
> making would be hazed, you should be
> really really careful, it could so easily
> have spiraled out of control
> Maintain that you were totally fucked
> As drunk as her if not worse
> That way, you cannot be blamed,
> If you both were intoxicated and decided
> To do it, then it can't be the fault of one
> Of ya'll"
> Next time, take the girl to your room
> sober her up, chill & talk, drink lemonade
> and eventually she'll get sober, you two
> will enjoy it more when sober too."

Plaintiff's text message to Mr. Godhwani is seeking an opinion from a lay person who was not present during any of the interaction between Plaintiff and Arshia. The text messages contain hearsay and contain improper lay opinions by Mr. Godhwani in response to Plaintiff's question.

The opinion given by Mr. Godhwani is not based on his perception, personal observations, or personal knowledge, and therefore he lacks foundation to give any opinion that would be helpful to a determination of a fact at issue. Mr. Godhwani's opinion is inadmissible under Fed.R.Evid. 701.

### III.   MR. GODHWANI'S OPINIONS ARE MORE PREJUDICIAL THAN PROBATIVE

Mr. Godhwani's opinions about Arshia's condition are irrelevant since he did not see or observe her, and had no knowledge of the circumstances other than the shorthand version given to him by Plaintiff. What Mr. Godhwani thinks is irrelevant to any issue in this case. Even if the Court found some probative value in Mr. Godhwani's response to Plaintiff's question, the prejudicial effect is significantly outweighed by any probative value and should be excluded under Fed.R.Evid. 403.

### IV.   CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's Motion *in Limine* No. 4 to exclude the text messages between Armaan Premjee and Harsh Godhwani.

Dated:  October 18, 2019     **LAW OFFICES OF VICKI I. SARMIENTO**
**LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Vicki I. Sarmiento*
        VICKI I. SARMIENTO
        Attorneys for Plaintiff