1 | **MICHAEL N. FEUER**, City Attorney
2 | **KATHLEEN A. KENEALY,** Chief Assistant City Attorney (SBN 212289)
  | **SCOTT MARCUS,** Chief, Civil Litigation Branch (SBN 184980)
3 | **CORY M. BRENTE,** Senior Assistant City Attorney (SBN 115453)
  | **ELIZABETH T. FITZGERALD,** Deputy City Attorney (SBN 158917)
4 | 200 N. Main Street, 6th Floor, City Hall East
  | Los Angeles, California 90012
5 | Tel:  (213) 978-7560   Fax:  (213) 978-8785
6 | Email: elizabeth.fitzgerald@lacity.org
7 | *Attorneys for Defendants* **CITY OF LOS ANGELES**, **OSCAR GAMINO and CARLA ZUNIGA**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ARMAAN KARIM PREMJEE, | Case No. CV18-04998 AB (RAO) |
| --- | --- |
| Plaintiff, | *Hon Judge: Andre Birotte, Jr.; Crtm 7B* |
| vs. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION AND MOTION IN LIMINE NO. 2: TO EXCLUDE BLOOD ALCOHOL CONTENT RESULT WITHOUT PROPER FOUNDATION; AND OPINIONS ABOUT ITS EFFECTS ON ARSHIA'S ABILITY TO CONSENT TO SEXUAL INTERCOURSE** |
| CITY OF LOS ANGELES, CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, DETECTIVE CARLA ZUNIGA, | |
| Defendants. | **Final Pretrial Conference and Hearing on Motions in Limine** Date: July 17, 2020, at 11:00 a.m. |
| | <u>**Trial Date: August 25, 2020, at 8:30 a.m.**</u> **Courtroom: 7-B** |

**TO THE HONORABLE COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE take notice that Defendants CITY OF LOS ANGELES, OSCAR GAMINO *and* CARLA ZUNIGA ("Defendants") submit the following Opposition to Plaintiff's Motion in Limine No. 2 to exclude blood alcohol content result

1

without proper foundation; and opinions about its effects on Arshia's ability to ***consent*** to sexual intercourse.

Dated: July 6, 2020

Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Assistant City Attorney
**SCOTT MARCUS**, Chief, Civil Litigation Branch
**CORY M. BRENTE**, Senior Assistant City Attorney

By: */S/Elizabeth T. Fitzgerald*
   **ELIZABETH T. FITZGERALD,** Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, OSCAR GAMINO and CARLA ZUNIGA**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Issues Remaining to Be Tried

In the Court's January 31, 2020 order (Doc. 79), the Court narrowed the issues down to the legality of the April 1, 2017 arrest of Plaintiff. Plaintiff was advised to withdraw or tailor the motions in limine in light of the Court's Order. (Doc. 83). Apparently, Plaintiff is not withdrawing or narrowing this motion. As such defendants will address the motion as it relates to the remaining issues to be tried.

The central issue in this case is was there probable cause to arrest Plaintiff on April 1, 2017? In order to answer that question, the Court and jury must look to the information known to the officers on that date.

On the morning of April 1, 2017, it is undisputed defendants Gamino and Zuniga interviewed the victim at California Hospital then spoke to her nurse, who advised the defendants that the victim's blood was tested and it came back at .324 BAC (four times the legal limit). AFTER receiving that information (and speaking to the original investigating officers and witnesses) Gamino and Zuniga then interviewed Plaintiff in custody at Southwest Police Station. So, obviously if the detectives are investigating a reported crime of sexual intercourse with a person who is so intoxicated they can't consent, the blood alcohol level of the victim is an important fact in formulating probable cause.

## II. The Blood Alcohol Level is Not Being Offered to Convict Plaintiff, It is to Show Probable Cause and the State of Mind of Defendants Gamino and Zuniga.

Plaintiff's motion completely misses the boat as to why the blood alcohol level of the victim is being offered. It is not to convict him of DUI, or even offered for the truth of the matter, it is offered to show probable cause as well as the state of mind of defendants, who are being sued for punitive damages and Bane Act, which require intentional, spiteful or reckless states of mind. All of the specious arguments regarding foundation, calibration, etc., are irrelevant as the test results are not being used to convict the Plaintiff.

Probable cause exists when "'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense.'" *Bailey v. Newland*, 263 F.3d 1022, 1031 (9th Cir. 2001) (quoting *Beck v. Ohio,* 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964)). Police must only show that, "'under the totality of the circumstances,'" "'a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime.'" *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir. 2002) (quoting *United States v. Garza,* 980 F.2d 546, 550 (9th Cir. 1992)).

It is settled law that officers may "'draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" *United States v. Hernandez*, 313 F.3d 1206, 1210 (9th Cir. 2002) (quoting *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L. Ed. 2d 740 (2002)) Officers draw their inferences based on "cumulative information." *Hernandez,* 313 F.3d at 1210.

Hearsay evidence is competent and admissible to show probable cause for a warrantless arrest. See *Hart v. Parks,* 450 F.3d 1059, 1066 (9th Cir. 2006) (in case where appellant challenged the lawfulness of his warrantless arrest Ninth Circuit found arrest constitutional even though probable cause was based on hearsay, because "[p]olice may rely on hearsay and other evidence that would not be admissible in a court to determine probable cause"); 6A C.J.S. Arrest § 21 (2008) (treatise article on arrest or detention without warrant notes that "[r]easonable or probable cause for arrest is not limited to evidence which would be admissible on the issue of guilt, but it may be based on hearsay information. Thus reliable hearsay is competent and admissible to show probable cause. However, the weight to be given to hearsay evidence is a matter for the sound discretion of the court." (citations omitted))

This evidence is key to the detectives' formulation of probable cause. It is as important as a video of a crime, a confession, or forensic evidence. The detectives will

4

testify that the information of the blood alcohol content was a fact they relied upon in formulating probable cause on April 1, 2017. To bar any mention of it would be error.

### III. The Evidence of the Blood Alcohol Test Was Utilized by the Treating Physician in Treatment and Diagnosis of the Victim.

Federal Rule of Evidence Rule 803(4) states: A statement that: (A) is made for — and is reasonably pertinent to — medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause is an exception to the hearsay rule. For hearsay statements to be admissible under Rule 803(4), the district court need only determine that they were "made for purposes of medical diagnosis or treatment" and were "reasonably pertinent to diagnosis or treatment." Fed. R. Evid. 803(4). The California Medical Center emergency room Doctor Keanen, whom treated the victim, will testify he ordered a blood alcohol level of the victim so he could diagnose her. Then when the level came back, he used that level to treat her. **The BAC result will not be offered for the truth of the matter. And unless Dr. Keanan communicated to the detectives on April 1, 2017, that he thought the level was ascending or descending, defendants will not have him opine on that.**

### IV. CONCLUSION

For the reasons stated above, the victim's blood alcohol level is relevant to the central issue in this case. It is not offered for the truth of the matter, but rather for the effect on the defendants and the treating physician. Plaintiff's motion is not well taken and must be denied.

Dated: July 6, 2020          Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Assistant City Attorney
**SCOTT MARCUS**, Chief, Civil Litigation Branch
**CORY M. BRENTE**, Senior Assistant City Attorney

By: */S/Elizabeth T. Fitzgerald* .
   **ELIZABETH T. FITZGERALD,** Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, OSCAR GAMINO and CARLA ZUNIGA**

5