1  **MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY,** Chief Assistant City Attorney (SBN 212289)
2  **SCOTT MARCUS,** Chief, Civil Litigation Branch (SBN 184980)
**CORY M. BRENTE,** Senior Assistant City Attorney (SBN 115453)
3  **ELIZABETH T. FITZGERALD,** Deputy City Attorney (SBN 158917)
4  200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
5  Tel:  (213) 978-7560   Fax:  (213) 978-8785
Email: elizabeth.fitzgerald@lacity.org
6  *Attorneys for Defendants* **CITY OF LOS ANGELES**, **OSCAR GAMINO and**
7  **CARLA ZUNIGA**

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ARMAAN KARIM PREMJEE,                 **Case No. CV18-04998 AB (RAO)**
                                         *Hon Judge: Andre Birotte, Jr.; Crtm 7B*
12
                                         **DEFENDANT'S OPPOSITION TO**
13               Plaintiff,              **PLAINTIFF'S MOTION IN LIMINE NO.**
                                         **4 TO EXCLUDE AND/OR LIMIT THE**
14       vs.                             **TEXT MESSAGES BETWEEN**
                                         **PLAINTIFF AND HARSH GODHWANI**
15  CITY OF LOS ANGELES, CHIEF
CHARLIE BECK, DETECTIVE              **Final Pretrial Conference and Hearing on**
16  OSCAR GAMINO, DETECTIVE             **Motions in Limine**
CARLA ZUNIGA,                       **Date: July 17 2020, at 11:00 a.m.**
17
                                         **Trial Date: August 25, 2020, at 8:30 a.m.**
18               Defendants.             **Courtroom: 7-B**

19

20

21  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

22       Defendants City of Los Angeles, Oscar Gamino and Carla Zuniga hereby submit

23  their opposition to Plaintiff's Motion in Limine No. 4.

24  Dated: July 6, 2020        Respectfully submitted,

25                             **MICHAEL N. FEUER**, City Attorney

26                             By: *|S|Elizabeth T. Fitzgerald*
                                 **ELIZABETH T.  FITZGERALD,** Deputy City Attorney
27
                               *Attorneys for Defendants* **CITY OF LOS ANGELES,**
28                             **OSCAR GAMINO and CARLA ZUNIGA**

                                         1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY FACTS

On the morning of April 1, 2017, Plaintiff Armaan Premjee had sex with a female USC student, suffering from severe alcohol poisoning. The victim's lack of capacity was noted by Plaintiff's fraternity brothers, video footage from the entryway to the victim's dorm, and the victims' dorm-mates who woke up and found the girl unconscious with a man lying on top of her thrusting his hips.  Acknowledging the anger of her roommates, Premjee quickly put his clothes on left the dorm room.

Approximately an hour later, after being transported to California Hospital, Arshia's blood alcohol was measured at .325.  She had to be intubated to prevent her from dying.

Armaan Premjee left the girl's dorm room and promptly texted his friend Mr. Godhwani staing:

> "**Bro I fucked up** or at least I think I did. I need your opinion.
> (emphasis added)  "I don't know if this qualifies as **sexual assault**
> or not : this girl was blackout drunk but really wanted me to fuck
> her."  (emphasis added)  "Initially I said no **because she was so drunk** …"
> "And even during sex, she was sloppy and all over the place."

### II.

### IF PLAINTIFF TESTIFIES OR PURSUES A NEGLIGENCE CLAIM, THE TEXTS ARE ADMISSIONS, RELEVANT TO HIS STATE OF MIND, COMPARATIVE FAULT AND NATURE AND QUALITY OF DAMAGES.

Plaintiff seeks to keep his text from being shown to the jury. Defendants believe this text should be shown to the jury if Mr. Premjee testifies, or seeks to hold defendants liable in negligence because it shows Mr. Premjee's  comparative fault and consciousness of guilt.  It is an admission of a party. FRE 801(d)(2)

If Mr. Premjee is going to take the stand and claim he engaged in knowing, consensual sex, as opposed to "blacked out victim" sex, this is a critical piece of evidence that Defendants must be able to show the jury.  Mr. Prejee's entire case is about how he was "wronged" by Detectives Gamino, Zuniga and the City.  Defendants are entitled to defend themselves.  Indeed, there is possibly no more damning piece of evidence in the entire case.  Precluding this piece of evidence would be unfairly prejudicial to Defendants.

Further, this text exchange between Mr. Premjee and his friend is probative of the nature and quality of damages he claims to have suffered.  The jury should be allowed to evaluate the evidence in order to determine whether this was a truly an innocent man, surprised and shocked by his arrest, or rather a man with a guilty conscience expecting an arrest.  He claims the Detectives caused him great emotional stress and damage to his reputation – however in reality, this exchange of texts shows evidence of Premjee's guilt.  His damages, in part, were caused by his own actions.  His damages were cause by something he did himself – not by anything the Detectives did. The damages Mr. Premjee suffered were caused by the feelings of guilt and fear because he knew he did something wrong.  The Detectives were simply doing their jobs and investigating a case.

As Plaintiff insists on a negligence claim here, defendants are entitled to put on evidence of comparative fault. (CACI 406) This affirmative defense was plead and preserved by defendants in the answer and the Pretrial Conference Order. Plaintiff admitting he had black out sex is highly relevant to his comparative fault.

///
///
///
///
///
///
///

Accordingly, this text should not be excluded from evidence.  It is critical to the case, and the exclusion of this evidence, especially if Plaintiff testifies or pursues a negligence claim, would be unfairly prejudicial to the defendants.

Dated: July 6, 2020

Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Assistant City Attorney
**SCOTT MARCUS**, Chief, Civil Litigation Branch
**CORY M. BRENTE**, Senior Assistant City Attorney

By: _/S/Elizabeth T. Fitzgerald_ .
       **ELIZABETH T.  FITZGERALD,** Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, OSCAR GAMINO and CARLA ZUNIGA**