LAW OFFICES OF VICKI I. SARMIENTO
Vicki I. Sarmiento (SBN 134047)
E-mail: vsarmiento@vis-law.com
333 North Garfield Avenue
Alhambra, California 91801
Tel: (626) 308-1171
Fax: (626) 308-1101

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
E-mail:  dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA  91367
Tel:  (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiff ARMAAN KARIM PREMJEE

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY,** Chief Assistant City Attorney (SBN 212289)
**SCOTT MARCUS,** Chief, Civil Litigation Branch (SBN 184980)
**CORY M. BRENTE,** Senior Assistant City Attorney (SBN 115453)
**ELIZABETH T. FITZGERALD,** Deputy City Attorney (SBN 158917)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel:  (213) 978-7560   Fax:  (213) 978-8785
Email: elizabeth.fitzgerald@lacity.org
*Attorneys for Defendants* CITY OF LOS ANGELES, OSCAR GAMINO and CARLA ZUNIGA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAAN KARIM PREMJEE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, DETECTIVE CARLA ZUNIGA, and DOES 1-10, inclusive,<br><br>Defendants | **Case No. 2:18-CV-04998-AB(RAOx)**<br><br>*Judge: Hon. André Birotte Jr.*<br><br>**[PROPOSED] AMENDED FINAL PRETRIAL CONFERENCE ORDER**<br><br>Trial Date: August 17, 2020<br><br>Pretrial Conference:  July 25, 2020 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

1.   THE PARTIES AND PLEADINGS ........................................................3

2.   JURISDICTION ..................................................................................3

3.   TRIAL DURATION .............................................................................4

4.   TRIAL JURY ......................................................................................4

5.   ADMITTED FACTS............................................................................4

6.   STIPULATED FACTS .........................................................................4

7.   PARTIES' CLAIMS AND DEFENSES .................................................4

8.   REMAINING TRIABLE ISSUES.........................................................9

9.   DISCOVERY .....................................................................................10

10.  DISCLOSURES EXHIBIT LIST ........................................................10

11.  WITNESS LIST .................................................................................11

12.  MOTIONS IN LIMINE ......................................................................11

13.  BIFURCATION .................................................................................12

14.  ADMISSIONS....................................................................................12

[PROPOSED] JOINT FINAL PRETRIAL CONFERENCE ORDER

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

1. **THE PARTIES AND PLEADINGS**

The parties are:

Plaintiff Armaan K. Premjee

Defendant City of Los Angeles

Defendant Oscar Gamino

Defendant Carla Zuniga

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiff's First Amended Complaint for Damages (Dkt. #9); Defendants' Answer (Dkt. #14).

**A. Dismissed Claim**

The following claim and defendant are voluntarily dismissed, and each side to bear their own costs:  Negligent training and supervision from Plaintiff's sixth claim for relief.  Dismissal of Chief Charlie Beck as a named defendant.  Plaintiff did not dismiss his Negligence Claim.

B. Claims Dismissed by the Court on summary judgment (Doc. 79): Claim 2 (fabrication of evidence); Claim 3 (Brady); Claim 5 (mal pros) and Claim 9  (IIED). Defendants contend the 6th claim for negligence was dismissed by the Court.

2. **JURISDICTION**

Federal jurisdiction and venue are invoked upon the following grounds: Plaintiff alleges, pursuant to 42 U.S.C. §1983, that Defendants Oscar Gamino and Carla Zuniga violated Mr. Premjee's constitutional rights under the Fourth and Fourteenth Amendments, and that such violaton occurred within this District and one or more the Defendants resides in this District.  Thus subject-matter jurisdiction

is appropriate under 28 U.S.C. § 1331 and 1343 (a), and venue is appropriate under 28 U.S.C. § 1391.

### 3.  TRIAL DURATION

The trial is estimated to take 4 court days, including jury selection, opening statements, and closing arguments.

### 4.  JURY TRIAL

All parties request trial by jury.

### 5.  ADMITTED FACTS

The following facts are admitted and require no proof:

Oscar Gamino and Carla Zuniga were detectives employed with the Los Angeles Police Department during their investigation of the incident that gives rise to Plaintiff's claims.

### 6.  STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

Oscar Gamino and Carla Zuniga were acting under color of law during the investigation of the incident that gives rise to Plaintiff's claims.

### 7.  CLAIMS AND DEFENSES

**Plaintiff's Claims:**

(a)     Plaintiff plans to pursue the following claims against the following Defendants:

**Claim 1:** Defendants Gamino and Zuniga arrested Plaintiff without probable cause on April 1, 2017 in violation of his Fourth Amendment rights and 42 U.S.C. § 1983.

**Claim 4:** *Monell* (based on failure to train) -  The City has a custom and practice of failing to train in the gathering of evidence and information prior to making an arrest, and failing to train detectives, including Detectives Gamino and

1  Zunia, in investigative and questioning methods that are fair, neutral and impartial.

2  The City's failure to train was the moving force that caused Plaintiff's harm.

3    **Claim 6:**   Negligence – City employees, including Gamino and Zuniga, have

4  a duty to use reasonable care to prevent harm or injury to others.  Defendants

5  breached this duty of care.  This resulted in injury or harm to Plaintiff.  The City is

6  vicariously liable for the conduct of its employees.

7    **Claim 7:**  Bane Act – City employees, including Defendants Gamino and

8  Zuniga violated Plaintiff's constitutional right to be free from unreasonable

9  detention and arrest without probable case, and acted with reckless disregard for

10  Plaintiff's rights.  The City is vicariously liable for conduct of its employees,

11  including the conduct of Gamino and Zuniga.

12    **Claim 8:** False Arrest and False Imprisonment- City employees, including

13  Gamino and Zuniga, false arrested Plaintiff on April 1, 2017 in violation of State

14  law.

15  (b)    The elements required to establish Plaintiff's claims are:

16    **Claim 1**:    **Arrest without probable cause (Fourth Amendment).**

17  Elements:

18        1.    Defendants Gamino and Zuniga acted under color of law;

19        2.    Plaintiff was arrested without probable cause;

20        3.    The arrest caused injury, harm, or damage to the Plaintiff.

21  *See* Ninth Circuit Manual of Model Jury Instructions No. 9.2

22    **Claim 4:    Monell Violations**

23  Elements of Plaintiff's Claim for Monell Liability—Failure to Train:

24        1. The acts of the Defendants deprived the Plaintiff of his constitutional

25          rights;

26        2. The Defendants acted under color of state law;

27

28

3. The training policies of Defendant City of Los Angeles were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4. Defendant City of Los Angeles was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5. The failure of Defendant City of Los Angeles to provide adequate training caused the deprivation of Plaintiff's rights; that is, Defendant City's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

*Monell*, 436 U.S. at 691; *Oviatt*, 954 F.2d at 1474; *Larez*, 946 F.2d at 646; Ninth Circuit Model Jury Instruction 9.8—Section 1983 Claim Against Local Governing Body Defendants Based on a Failure to Train—Elements and Burden of Proof.

**Claim 6:**    **Negligence**

Elements:

1. Defendants were negligent.

2. Plaintiff was harmed, and

3. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

See, Cal. Government Code § 815.2, CACI 400, Negligence

**Claim 7:**    **Bane Act Violation-Civil Code 51, 52.1**

Elements of Plaintiffs' Claim under Cal. Civil Code § 52.1:

1. Defendants interfered with Plaintiff's constitutional rights to be free from unreasonable detention and/orarrest without probable cause;

2. The Defendants intended to deprive Plaintiff of his enjoyment of the right to be free from unreasonable detention and/or arrest without probable cause by acting with reckless disregard to Plaintiff's rights;

3. That Plaintiff Premjee was harmed; and

[PROPOSED] JOINT FINAL PRETRIAL CONFERENCE ORDER

4. That Defendants' conduct was a substantial factor in causing Plaintiff Premjee's harm.

*See* Cal. Government Code 815.2, Civil Code § 51, 52.1.

**Claim 8:    False Arrest/ False Imprisonment**

Elements:

1. The Defendants intentionally deprived the Plaintiff of his freedom of movement by use of force, menace, and unreasonable duress;

2. The restraint, confinement, or detention compelled Plaintiff to stay or go somewhere for some appreciable time;

3. The Plaintiff did not knowingly or voluntarily consent;

4. The Plaintiff suffered harm; and

5.  The conduct of the Defendants was a substantial factor in causing harm to Plaintiff.

*See* CACI 1400, 1401, 1402.  The City is vicariously liable for the Defendants' conduct.

 (c)    In brief, the Key Evidence Plaintiff relies on for each of the claims collectively is:

1.     Testimony of Plaintiff Armaan Premjee;

2.     Testimony of Sophia Premjee

3.     Testimony of Sonia Premjee

4.     Testimony of Defendant Oscar Gamino;

5.     Testimony of Defendant Carla Zuniga;

6.     Testimony of Hiram Meraz;

7.     Testimony of Julio Quintanilla (formerly Julio Zamora);

8.     Testimony of Arshia Saxena;

9.     Testimony of Kavya Nayar;

10.    Testimony of Madison Seeley;

11.   Testimony of Tanika Mehra;

12.   Testimony of Celine Wilbert;

13.   Testimony of Ronniecia Stringfellow;

14.   Testimony of Arthur Kazaryan;

15.   Testimony of Plaintiff's Expert in Police Practices Roger Clark;

16.   Testimony of Plaintiff's Non-Retained Expert Harland Braun;

17.   Testimony of Judge Michael Pastor

18.   Police Reports;

19.   Supplemental Police Reports;

20.   Arrest Report;

21.   Booking Report;

22.   Search Warrant Affidavit of Zuniga;

23.   Survillance video of Banditos Bar;

24.   Survillance video of Flour Tower;

25.   Still Photos of Hand Gesture outside of Banditos;

26.   LAPD News Release Dated 04/12/17;

27.   DA News Release dated 05/02/17;

28.   Criminal Felony Complaint;

29.   Preliminary Hearing Transcript;

30.   Facebook messages from Arshia to Armaan on 04/02/17;

31.   All witnesses listed on Plaintiff's Witness List;

32.   All exhibits identified in Joint Exhibit List

**Defendant's Affirmative Defenses:**

(a)   Defendant plans to pursue the following affirmative defenses:

**Defense 1:** Qualified Immunity

(b)   The elements required to establish Defendant's affirmative defenses are:

(1)   Whether Defendants' alleged conduct violated a constitutional right;

(2)   If a constitutional right was violated, whether the constitutional right was

1    "clearly established." See *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Ramirez v.*

2    *City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009).

3              **Defense 2:** Reasonable Cause

4    (b)      The elements of this defense is Penal Code section 847(b), which immunizes

5    officers from false arrest/imprisonment liability if the arrest was lawful or the

6    officer has reasonable cause to believe it is lawful.

7              Defense 3: Comparative Neglience of Plaintiff

8    (b)      Defendants contend this claim was dismissed by the court and defendants are

9    immune from liability for a "negligent investigation" (Cal. Civ. Code § 821.6)

10   If the claim is deemed viable, the elements are: Plaintiff was at fault; the fault was a

11   substantial factor in harm to Plaintiff; Plaintiff's damages are reduced by his

12   percentage of fault.  CACI 406 (2017 ed.)

13             Plaintiff has refused to both follow the Court order and to put in comparative

14   fault questions into the verdict form.

15   (c)      In brief, the Key Evidence Defendants rely on for each of the defenses

16   collectively is:

17             Testimony of Officers Meraz and Zamora, Defendants Zuniga and Gamino,

18   Inestigative report, detetective's follow up report, Doctors Peter Keenan and

19   Daniel Drake,  and any medical records shared with detectives; text message and

20   Plaintiff.

21      **8.  REMAINING TRIABLE ISSUES**

22        In view of the admitted facts and the elements required to establish the claims

23   and affirmative defenses, the following issues remain to be tried:

24        **Plaintiff's Issues**:

25        1.      Whether Plaintiff was arrested without probable cause on April 1,

26   2017.

27        2.      Whether the City has a custom and practice of failing to train in the

28

[PROPOSED] JOINT FINAL PRETRIAL CONFERENCE ORDER

1 | gathering of available evidence and information prior to making an arrest.

2 |     3.      Whether City emploees, including Gamino and Zuniga, were

3 | negligent.

4 |     4.      Whether City employees, including Gamino and Zuniga, interfered

5 | with Plaintiff's constitutional rights in violation of Civil Code Section 52.1

6 |     5.      The nature and extent of Plaintiff's injuries, damage and/or harm.

7 |     6.      Whether the Plaintiff is entitled to punitive damages, and if so, the

8 | amount of those damages.

9 | **Defendant's Issues**

10 |     1.      Did defendants Gamino and Zuniga arrest Plaintiff?

11 |     2.      If so, was the arrest supported by probable cause?

12 |     3.      If there was an arrst, did Gamino and Zuniga intend to violate

13 | Plaintiff's right to be free from unreasonable seizure?

14 |     4.      Can a municipal policy claim be tried before a finding of a

15 | constitutional violation by a jury?

16 |     5.      Was there a deliberate indifference by municipal policy makers to a

17 | widspead and known deficiency in training in probable casue to arrest, and

18 | such deliberate indifference was the moving force behind the constitutional

19 | injury?

20 | **9.  DISCOVERY**

21 |    All discovery is complete.

22 | **10. DISCLOSURES AND EXHIBIT LIST**

23 |    Plaintiff identifies the following exhibits which have not yet been produced

24 | by Defendants:  The Title IX materials and the interview of Dr. Keanan (see

25 | Plaintiff's Objections to these Exhibits in the Joint Exhibit List).  Defendants

26 | contend that they have produced all audiotaped interiews to Plaintiff including the

27 | interview of Dr. Keenan (which was not obtained during the Title IX investigation)

28 |

1    To the best of the parties' knowledge, each party has made all other

2 disclosures under Fed. R. Civ. P. 26(a)(3) to the other party.

3    The proposed joint exhibit list of the parties has been filed under separate

4 cover as required by L.R. 16-6.1.

5    **11. WITNESS LISTS**

6    Witness lists of the parties have been filed with the Court.

7    **12. MOTIONS IN LIMINE**

8    The following law and motion matters and Motions *in Limine*, and no others,

9 are pending or contemplated:

10    *Plaintiff filed the following motions in limine, which are pending this Court:*

11    1.    Motion in Limine No. 2 to exclude Arshia's BAC results without proper

12          foundation, including Det. Gamino's hearsay statements in this regard, Dr.

13          Keanon's testimony in this regard; and to exclude Dr. Keaton's opinions

14          that her BAC was "decreasing" and was "higher" at the time of the sex.

15    2.    Motion in Limine No. 4 to exclude and/or limit the text messaging

16          between Plaintiff and Harsh Godhwani, and Godhwani's opinions.

17    Plaintiff has withdrawn his Motion in Limine #1 and his Motion in Limine #3.

18    *Defendants filed the following motions in limine, which are pending this Court:*

19    1.  Motion in Limine No. 1 to Preclude mention that Premjee was not held to

20          answer following the Preliminary Hearing.

21    2.  Motion in Limine No. 2 to exclude mention of police scandals, prior bad

22          acts, police personnel information, negative media information, negative

23          accountes of police, etc. (Plaintiff stipulates)

24    3.  Motion in Limine No. 3 to Bifurcate Trial ito a (1) liability phase and (2)

25          Monell and Puntivies Damages phase, if needed.

26    4.  Motion in Limine No. 4 to preclude testimony of Plaintiff's expert former

27          District attorney Steven Graff Levine. (Defendants withdraw)

28

5.  Motion in Limine No. 5 to preclude references to damages after the
district attorney filed the criminal case.

Defendants intend to make a Rule 50(a) motion upon completion of
Plaintiff's case in chief.

## 13. BIFURCATION

Plaintiff opposes bifurcation but does not oppose bifurcation of the amount of
punitive damages.

Defendants seek to bifurcate liability, *Monell* and punitive damages.

## 14. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties
having specified the foregoing issues remaining to be litigated, this Final Pre-
Trial Order shall supersede the pleadings, and govern the course of the trial of this
cause, unless modified to prevent manifest injustice.

Dated: _____, 2020          _____
                                HONORABLE ANDRÉ BIROTTE JR.
                                UNITED STATES DISTRICT COURT JUDGE

Approved as to form and content.

Dated  July 6, 2020

                                By: _/s/ Vicki I. Sarmiento_____
                                    Counsel for Plaintiff
                                LAW OFFICES OF VICKI I. SARMIENTO
                                LAW OFFICES OF DALE K. GALIPO

Dated:  July 6, 2020            By: _/s/ Elizabeth Fitzgerald_____
                                    Counsel for Defendants
                                Los Angeles City Attorney's Office