LAW OFFICES OF VICKI I. SARMIENTO
Vicki I. Sarmiento (SBN 134047)
E-mail: vsarmiento@vis-law.com
333 North Garfield Avenue
Alhambra, California 91801
Tel: (626) 308-1171
Fax: (626) 308-1101

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Attorneys for Plaintiff ARMAAN KARIM PREMJEE

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY,** Chief Assistant City Attorney (SBN 212289)
**SCOTT MARCUS,** Chief, Civil Litigation Branch (SBN 184980)
**CORY M. BRENTE,** Senior Assistant City Attorney (SBN 115453)
**ELIZABETH T. FITZGERALD,** Deputy City Attorney (SBN 158917)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: (213) 978-7560 Fax: (213) 978-8785

Email: elizabeth.fitzgerald@lacity.org
*Attorneys for Defendants* CITY OF LOS ANGELES, OSCAR GAMINO and CARLA ZUNIGA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ARMAAN KARIM PREMJEE,

Plaintiff,

vs.

CITY OF LOS ANGELES, CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, DETECTIVE CARLA ZUNIGA,

Defendants.

**Case No. CV18-04998 AB (RAO)**
*Hon Judge: Andre Birotte, Jr.; Crtm 7B*

**DISPUTED JURY INSTRUCTIONS**

Final Pretrial Conference: July 17, 2020
Jury Trial: August 25, 2020

**TO THE HONORABLE COURT:**

Plaintiff ARMAAN KARIM PREMJEE Defendants CITY OF LOS ANGELES, OSCAR GAMINO and CARLA ZUNIGA ("Defendants") hereby submit the following Disputed Jury Instructions:

Dated: July 7, 2020

By: */s/ Vicki I. Sarmiento*
Counsel for Plaintiff

LAW OFFICES OF VICKI I. SARMIENTO
LAW OFFICES OF DALE K. GALIPO

Dated: July 7, 2020

**MICHAEL N. FEUER**, City Attorney
**KATHLEEN A. KENEALY**, Chief Assistant City Attorney
**SCOTT MARCUS**, Chief, Civil Litigation Branch
**CORY M. BRENTE**, Senior Assistant City Attorney

By: */S/Elizabeth T. Fitzgerald*.
**ELIZABETH T. FITZGERALD,** Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, OSCAR GAMINO and CARLA ZUNIGA**

**<u>Plaintiff's 9.23 Instruction to Which Defendants Dispute</u>:**

**9.23 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST**

In general, a seizure of a person by arrest without a warrant is reasonable if there was probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

**<u>Defendants' Objection</u>:**

Plaintiff's proposed Model Instruction 9.23 leaves off the mandatory last paragraph of the instruction.

**<u>Defendant's Proposed Similar Instruction to Which Plaintiff Disputes</u>:**

**9.23 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under California law, it is a crime to have sexual intercourse with a person who is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused; (or) where a person is at the time unconscious of the nature of the act, and this is known to the accused.

**Plaintiff's Objection:**

Plaintiff objects to the last paragraph. Plaintiff contends that this paragraph is confusing and has extraneous language that does not meet the facts of this case. There is no evidence of an "anesthetic substance" or "controlled substance" in this case.

Plaintiff offers the alternative language in its place:

**"Under state law, it is a crime to have sexual intercourse with a person who lacks the capacity to consent."**

It should be noted that this alternative language was obtained from defense counsel's first round of proffered joint jury instructions from last year.

**Plaintiff's CACI 1401 Instruction to Which Defendants Dispute:**

**1401. FALSE ARREST WITHOUT WARRANT BY PEACE OFFICER— ESSENTIAL FACTUAL ELEMENTS**

Armaan Premjee claims that he was wrongfully arrested. To establish this claim, Armaan Premjee must prove all of the following:

1. Armaan Premjee was arrested without a warrant; and,

2. That Armaan Premjee was harmed or damaged as a result of the arrest.

**Defendant's Objection:**

Plaintiff is not using the mandatory language of CACI 1401. In the first sentence, the name of the defendant who wrongfully arrested must be given. It lacks the 3rd element: that the false arrest was a substantial factor in causing plaintiff's harm. Defendants' proposed CACI 1401 instruction is correct.

**Defendants' CACI 1401 Instruction to Which Plaintiff Disputes:**

**1401. FALSE ARREST WITHOUT WARRANT BY PEACE OFFICER— ESSENTIAL FACTUAL ELEMENTS**

Armaan Premjee claims that he was wrongfully arrested by Carla Zuniga and Oscar Gamino. To establish this claim, Armaan Premjee must prove all of the following:

1. That Oscar Gaminio and Carla Zuniga arrested Armaan Premjee without a warrant;

2. That Armaan Premjee was actually harmed; and

3. That Oscar Gamino and Carla Zuniga's conduct was a substantial factor in causing Armaan Premjee's harm.

**Plaintiff's Objection**:

Plaintiff contends that CACI 1401 has to be modified to fit the facts of this case. Plaintiff was initially arrested by LAPD officers prior to his continued arrest by Defendants Gamino and Zuniga. The fact that plaintiff was initially arrested by other LAPD officers does not negate the City's liability for an arrest without probable cause. The City is liable for any officer who arrested plaintiff without probable cause, and for the Defendants' continued arrest of plaintiff. For this reason, plaintiff offered the modification to CACI 1401.

**Plaintiff's CACI 3066 Instruction to Which Defendants Dispute:**

**3066 BANE ACT—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff Armaan Premjee claims that he was unreasonably detained or arrested without probable cause in violation of California Civil Code Section 52.1 (the Bane Act). To establish this claim, Plaintiff must prove the following:

1. That plaintiff was unreasonably detained or arrested without probable cause;
2. That defendants intended to deprive plaintiff of his right to be free from an unreasonable detention or an arrest without probable cause by demonstrating a reckless disregard for plaintiff's rights; and
3. The unreasonable detention or arrest without probable cause was a cause of harm or damage to the plaintiff.

**Defendant's Objection**:

This is an incorrect statement of the law. First sentence, Plaintiff contends false arrest, not unreasonable detention. See, Pretrial Conference Order. He has proposed no detention instructions for which the jury may use to judge whether there was a detention or an arrest. It's opening paragraph language is identical to a watered down false arrest instruction, when the Bane Act requires much more. When there is a dispute, the Court

will default to the language of 3066, which talks about violence, coercion, threat of violence.

Second paragraph: It misstates the state of mind requirement, which is specific intent to violate the constitutional right at issue. The Bane Act instruction requires specific intent to violate the right to be free from unreasonable seizure (See *Pyper v. Oceanside Police Department* 2020 U.S. Dist. LEXIS 111634 (the latest case discussing Bane Act elements following *Reese*: "The Bane Act creates a cause of action when "a person or persons...interfere(s) by threat, intimidation, or coercion...with the exercise or enjoyment by any individual...of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1(a). The Ninth Circuit has held that while "the Bane Act does not require the 'threat, intimidation or coercion" element of a claim to be transactionally independent from the constitutional violation alleged...[the Act] requires 'a specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City and Cnty. of San Francisco*, 17 Cal. App. 5th 766, 225 Cal. Rptr. 3d 356, 384 (2017))."

Defendants' instruction correctly set forth CACI 3066.

**<u>Defendant's Proposed Similar Instruction to Which Plaintiff Disputes</u>:**

**3066 BANE ACT—ESSENTIAL FACTUAL ELEMENTS**

Armaan Karim Premjee claims that Oscar Gamino and Carla Zuniga intentionally interfered with or attempted to interfere with his civil rights by threats, intimidation, or coercion. To establish this claim, Armaan Premjee must prove all of the following:

1. That Oscar Gamino and Carla Zuniga made threats of violence against Armaan Premjee causing Armaan Karim Premjee to reasonably believe that if he exercised his right to be free from unreasonable seizures, Oscar Gamino

and Carla Zuniga would commit violence against him and that Oscar Gamino and Carla Zuniga had the apparent ability to carry out the threats;

2. That Armaan Premjee was harmed; and

3. That Oscar Gamino and Carla Zuniga's conduct was a substantial factor in causing Armaan Prejees' harm.

**Plaintiff's Objection:**

Plaintiff offered the modification to the Bane Act essential elements to fit the facts of this case. Defendants are expected to argue that Plaintiff was merely detained on April 1, 2017 and not arrested. Plaintiff should be allowed to include that a violation of the Bane Act can be based on an unreasonable detention or an arrest without probable cause.

Plaintiff offered Defendants the following authority in proposing the modified language to the Bane Act:

Authority: *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9th Cir. 2018) (holding that section 52.1 does not require a showing of threats, intimidation and coercion separate from an underlying constitutional violation); see also *Cornell v. City and County of San Francisco*, 225 Cal.Rptr. 3d at 382-83 (2017) (holding that "[n]othing in the text of the statutes requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged" and "that the use of execessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1"); *Cornell,* 225 Cal.Rptr., 3d at 384 (holding that the Bane Act requires a specific intent to violate the arrestee's right to freedom from unreasonable seizure); *Reese*, 888 F.3d at 1045 (holding that a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.).

/ / /

**Defendants' Additional Instructions to Which Plaintiff Objects:**

**PLAINTIFF'S RESPONSE TO REDLINED CACI INSTRUCTIONS BY DEFENDANTS PERTAINING TO HIS NEGLIGENCE CLAIM:**

Plaintiff has not dismissed his negligence claim. Plaintiff only dismissed the "negligent training and supervision" from his Sixth Claim for Relief, and dismissed Chief Beck from his Sixth Claim for Relief. Plaintiff's Sixth Claim for Relief alleges negligence against Gamino and Zuniga, which he did not dismiss. Therefore, Plaintiff requests inclusion of CACI 400 (Negligence—Essential Elements), CACI 401 (Negligence—Basic Standard of Care), CACI 430 (Substantial Factor) and CACI 431 (Multiple Causes).

**1402. FALSE ARREST WITHOUT WARRANT —AFFIRMATIVE DEFENSE — PEACE OFFICER – PROBABLE CAUSE TO ARREST -**

Oscar Gamino and Carla Zuniga claim the arrest was not wrongful because they had the authority to arrest Armaan Premjee without a warrant.

If Oscar Gamino and Carla Zuniga prove that Armaan Premjee had sexual intercourse with a person who is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused; (or) where a person is at the time unconscious of the nature of the act, and this is known to the accused, then Oscar Gamino and Carla Zuniga had the authority to arrest Armaan Premjee without a warrant.

Authority:
CACI 1402

**Plaintiff's Objection:**

CACI 1402 as offered by Defendants contains confusing and extraneous language such reference to "anesthetic substance" and "controlled substance" which are not present in this case. Moreover, a Superior Court judge at the preliminary hearing found that there was insufficient evidence to establish that Plaintiff had committed this offense.

**DEFENDANTS' SPECIAL INSTRUCTION NO. 1**

An officer may act based in part on information or directions from other law enforcement officials. Where one officer knows facts constituting reasonable suspicion or probable cause (sufficient to justify action under an exception to the warrant requirement), and he communicates an appropriate order or request, another officer may conduct a warrantless stop, search, or arrest without violating the Fourth Amendment.

Authority:
*U.S. v Ramirez*, 473 F.3d 1026, 1035-37 (9th Cir. 2007)

**Plaintiff's Objection:**

Plaintiff contends that the existing Model Instructions are sufficient to inform the jury of the applicable law regarding warrantless arrests, and there is no need for the additional special instructions offered by Defendants. Moreover, the special instructions offered by Defendants are argumentative and confusing.

/ / /

/ / /

/ / /

**DEFENDANTS' SPECIAL INSTRUCTION NO. 2**

Law enforcement officers do not have to rule out the possibility of innocent behavior one probable cause is established.

Authority:

*United States v. Holland*, 510 F.2d 453, 455 (9th Cir.), cert. denied, 422 U.S. 1010, 45 L. Ed. 2d 674, 95 S. Ct. 2634 (1975).

**Plaintiff's Objection**:

This special instruction offered by Defendants is self-serving and argumentative. Plaintiff contends that the existing Model Instructions are sufficient to inform the jury of the applicable law regarding warrantless arrests and probable cause.