UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 18-04998-AB (RAOx) | Date: April 13, 2021 |

Title: *Armaan Karim Premjee v. City of Los Angeles, et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  [In Chambers] ORDER RE: MOTIONS IN LIMINE

Before the Court are Plaintiff Armaan Karim Premjee's ("Plaintiff") Motions in Limine 2 and 4 and Defendants City of Los Angeles, et al.'s ("Defendants") Motions in Limine 1, 2, 3, and 5. The Court heard oral argument on Friday, April 2, 2021 and rules as follows:

I. **PLAINTIFF'S MOTIONS IN LIMINE**

A. The Court **DENIES** Plaintiff's Motion to Exclude Blood Alcohol Content Result Without Proper Foundation; and Opinions About Its Effects on Arshia's Ability to Consent to Sexual Intercourse.

Plaintiff argues that introducing evidence of Arshia's Blood Alcohol Content ("BAC") through Detective Gamino would be hearsay and that any information about the descending levels of BAC from Dr. Keanan would be "opinion, based on hearsay and speculation." (MIL at 3-4.) Plaintiff also argues that Dr. Keanan

cannot testify that Arshia lacked capacity to consent because this is an ultimate issue of law. (*Id.* at 7-9.)

Defendants argue that the BAC will be used as it relates to Defendants' determination of probable cause to arrest Plaintiff and to demonstrate the state of mind of Defendants Gamino and Zuniga. (Opp. at 3-4, 5.) In short, Arshia's BAC is not being used for the truth of the matter. (*Id.* at 4.) Finally, Defendants assert that unless Dr. Keanan discussed descending/ascending levels of BAC with the detectives, they will not have Dr. Keanan discuss it. (*Id.* at 5.)

Because any evidence of Arshia's BAC is not being used for the truth of the matter, it is not hearsay and should not be excluded on that basis. To the extent Plaintiff asserts that Dr. Keanan cannot testify to an ultimate issue of law, the Court finds that Defendants have stipulated to only allow Dr. Keanan to testify about his discussions with the detectives, if any, about descending/ascending levels of BAC. In other words, Defendants' opposition confirms that Dr. Keanan will not conclusorily testify as to an ultimate issue of law. The Court thus **DENIES** Plaintiff's Second Motion in Limine.

### B. The Court **DENIES** Plaintiff's Motion to Exclude and/or Limit the Text Messages Between Plaintiff and Harsh Godhwani.

Plaintiff next seeks to exclude certain text messages exchanged with Harsh Godhwani. Plaintiff argues that these text messages in which Plaintiff and Godhwani use phrases like "blackout drunk" contain hearsay and improper lay opinions. (MIL at 3-4.)   Plaintiff asserts that Godhwani's responses about whether Plaintiff's actions constitute sexual assault are an improper lay opinion. (*Id.* at 4.) Lastly, Plaintiff asserts Godhwani's opinions are more prejudicial than probative. (*Id.*) Defendant argues these texts are not hearsay because they are admissions and they go to Plaintiff's state of mind, comparative fault, and the nature and quality of Plaintiff's damages, particularly the level of distress he felt from the arrest. (Opp. at 2-3.)

The Court finds that Defendant should be allowed to use this evidence for a comparative fault defense to Plaintiff's sixth cause of action for negligence and to address Plaintiff's mindset as it relates to damages. To the extent Defendants

intend to use this evidence for other purposes, Plaintiff may make additional objections at trial. The Court **DENIES** Plaintiff's Fourth Motion in Limine.

## II. DEFENDANTS' MOTIONS IN LIMINE

### A. The Court **GRANTS** Defendants' Motion to Preclude Mention that Plaintiff was not held to Answer at the Preliminary Hearing.

Defendants argue that any reference to the outcome of the criminal case or the comments of the judge who presided over the preliminary hearing should not be discussed before the jury because any such reference would be hearsay, prejudicial to Defendants, and confusing to the jury. (MIL at 5-6.) Plaintiff argues that introducing evidence of the criminal dismissal, with a limiting instruction as to its use, would show that Defendants did not have probable cause to arrest Plaintiff. (Opp. at 5-6.) Plaintiff also argues that not informing the jury of the dismissal of criminal charges will prejudice him and lead the jury to speculate about what occurred. (*Id.* at 6.)

During oral argument, Defendants indicated that at the time of the preliminary hearing, the judge was presented with additional evidence that did not exist at the time of the arrest, including new statements by Arshia. Defendants articulated that this evidence factored into the judge's decision to dismiss the case and, because it did not exist at the time of the arrest, the information and testimony is irrelevant to the case here. Plaintiff does not dispute that the judge in the criminal matter considered evidence in addition to the evidence Defendants had at the time of Plaintiff's arrest.

Here, the jury is *not* being tasked with assessing probable cause considering the evidence presented at the preliminary hearing, but only with whether probable cause existed *at the time of Plaintiff's arrest*. Subsequent evidence that may have increased, diminished, or otherwise impacted probable cause is irrelevant. As such, introducing evidence that Plaintiff was not held to answer in the criminal proceeding would mislead and confuse the jury as to the evidence it is permitted to consider in determining probable cause. The Court **GRANTS** Defendants' First Motion in Limine.

### B. The Court **GRANTS** Defendants' Motion to Exclude Mention of Police Scandals, Prior Bad Acts, Police Personnel Information, Negative Media Accounts of Police.

Defendants seek an order to exclude mention of police scandals, prior bad acts, police personnel information, and negative media accounts of police except for the instant matter. Plaintiff does not oppose this motion, and that is a sufficient basis for granting the Motion. *See* Local Rules 7-9, 7-12.

### C. The Court **GRANTS** Defendants' Motion to Bifurcate Trial Into a (1) Liability Phase; and (2) *Monell* and Punitives Phase, If Needed.

Defendants move to bifurcate the trial into two phases: (1) individual liability on claims against the Defendant officers and (2) *Monell* liability.and punitives phases, if necessary. Defendants argue that this approach is prudent because if no liability is found in the first phase, there will be no need to try the *Monell* claim. (Mot. at 3.)   Plaintiff agrees to bifurcate the amount of punitive damages (Opp. at 2) but argues Defendants will not be prejudiced without bifurcation nor would judicial economy be harmed.

Bifurcation of the trial into two phases is appropriate. In the first phase, the jury will consider individual liability, and in the second phase the jury will consider *Monell* liability and the amount of punitive damages. Courts in this District, including this one, routinely bifurcate trials in this manner, *see, e.g., Green v. Cty. of Los Angeles*, 2014 WL 174988, at *1–2 (C.D. Cal. Jan. 16, 2014), and it has been approved by the Ninth Circuit. *See Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996). The Court finds that this approach will conserve judicial resources. Should the jury return a verdict for Defendants, there will be no need for a second phase on the *Monell* claims. Conversely, if the jury returns a verdict in Plaintiff's favor, it is still possible that there would be no need for a second phase because Defendants may then elect to resolve the *Monell* claims. *See Vazquez v. City of Long Beach*, 2016 WL 9114912, at *1 (C.D. Cal. April 9, 2016). The Court **GRANTS** Defendants' Third Motion in Limine.

### D. The Court **GRANTS** Defendants' Motion to Preclude References and Damages After the DA Filed the Criminal Case.

Defendants seek to preclude references to any damages after the DA filed the criminal case. Once again, Plaintiff does not oppose the motion, and that is a

sufficient basis for granting the Motion. *See* Local Rules 7-9, 7-12. The law compels the same result. *See Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981).

### III. CONCLUSION

For the reasons stated above and during the hearing on this matter, the Court:

- **GRANTS** Defendants' First, Second, Third, and Fifth Motions in Limine.
- **DENIES** Plaintiff's Second and Fourth Motions in Limine.

In light of this Order and the Final Pretrial Conference, the Court **ORDERS** the Parties to make any necessary modifications to their Proposed Final Pretrial Conference Order—including limiting the parameters of the negligence cause of action—and file all revised documents by Friday, May 14, 2021.

**IT IS SO ORDERED**.