# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ARMAAN KARIM PREMJEE,

        Plaintiff,

v.

CITY OF LOS ANGELES; CHIEF CHARLIE BECK, DETECTIVE OSCAR GAMINO, DETECTIVE CARLA ZUNIGA, and DOES 1-10, inclusive,

        Defendants

Case No. 2:18-CV-04998-AB(RAOx)

*Judge: Hon. André Birotte Jr.*

**AMENDED FINAL PRETRIAL CONFERENCE ORDER**

Trial Date: September 28, 2021
Time:  8:30 a.m.

Pretrial Conference:  April 2, 2021

# TABLE OF CONTENTS

1.    THE PARTIES AND PLEADINGS ...............................................................3

2.    JURISDICTION .............................................................................................3

3.    TRIAL DURATION .......................................................................................4

4.    TRIAL JURY ..................................................................................................4

5.    ADMITTED FACTS .......................................................................................4

6.    STIPULATED FACTS ...................................................................................4

7.    PARTIES' CLAIMS AND DEFENSES ........................................................4

8.    REMAINING TRIABLE ISSUES .................................................................9

9.    DISCOVERY ...............................................................................................10

10.   DISCLOSURES EXHIBIT LIST .................................................................10

11.   WITNESS LIST ............................................................................................11

12.   MOTIONS IN LIMINE ...............................................................................11

13.   BIFURCATION ...........................................................................................12

14.   ADMISSIONS...............................................................................................12

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

1. **THE PARTIES AND PLEADINGS**

The parties are:

       Plaintiff Armaan K. Premjee

       Defendant City of Los Angeles

       Defendant Oscar Gamino

       Defendant Carla Zuniga

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiff's First Amended Complaint for Damages (Dkt. #9); Defendants' Answer (Dkt.#14).

**A. Dismissed Claim**

The following claim and defendant are voluntarily dismissed, and each side to bear their own costs:

Plaintiff's Claim 6 for Negligent training and supervision.

Dismissal of Chief Charlie Beck as a named defendant.

**B. Claims Dismissed by the Court on summary judgment (Doc. 79):**

Claim 2 (fabrication of evidence); Claim 3 (Brady); Claim 5 (malic. prosec.) and Claim 9 (IIED) – all dismissed entirely;

Claim 1 (wrongful arrest under §1983) as to April 11, 2017 arrest;

Claim 4 (*Monell* claim) as to April 11, 2017 arrest;

Claim 7 (Bane Act) as to April 11, 2017 arrest;

Claim 8 (wrongful arrest under state law) as to April 11, 2017 arrest.

Claim 6 (negligence) was dismissed on the court's mistaken impression that Plaintiff consented to the dismissal. Court corrected this error and ordered the parties to "make any necessary modifications to the Proposed Final Pretrial

Conference Order – including the parameters of the Negligence cause of action…"
(Doc. 120).

**2. <u>JURISDICTION</u>**

Federal jurisdiction and venue are invoked upon the following grounds:
Plaintiff alleges, pursuant to 42 U.S.C. §1983, that Defendants Oscar Gamino and
Carla Zuniga violated Mr. Premjee's constitutional rights under the Fourth and
Fourteenth Amendments, and that such violaton occurred within this District and
one or more the Defendants resides in this District.  Thus subject-matter jurisdiction
is appropriate under 28 U.S.C. § 1331 and 1343 (a), and venue is appropriate under
28 U.S.C. § 1391.

**3. <u>TRIAL DURATION</u>**

The Court has allotted 6 hours of trial time to each side excluding openings
and closings.  Opening statements not to exceed 20 minutes per side.  Closing
arguments must not exceed 30 minutes per side.  (Court Order Doc. 118).

**4. <u>JURY TRIAL</u>**

All parties request trial by jury.

**5. <u>ADMITTED FACTS</u>**

The following facts are admitted and require no proof:

Oscar Gamino and Carla Zuniga were detectives employed with the Los
Angeles Police Department during their investigation of the incident that gives rise
to Plaintiff's claims.

**6. <u>STIPULATED FACTS</u>**

The following facts, though stipulated, shall be without prejudice to any
evidentiary objection:

Oscar Gamino and Carla Zuniga were acting under color of law during the
investigation of the incident that gives rise to Plaintiff's claims.

Oscar Gamino, Carla Zuniga, Harim Meraz, and Julio Quintanilla were employees of the City of Los Angeles and acting under course and scope of their employment during the incident that gives rise to Plaintiff's claims.

**7. CLAIMS AND DEFENSES**

**a. Plaintiff's Claims**

Plaintiff plans to pursue the following claims:

**Claim 1:**  Arrest without probable cause -  Defendants Gamino and Zuniga arrested Plaintiff without probable cause on April 1, 2017 in violation of his Fourth Amendment rights and 42 U.S.C. § 1983.

**Claim 4:** *Monell* (based on failure to train) -  The City has a custom and practice of failing to train in the gathering of evidence and information prior to making an arrest, and failing to train detectives, including Detectives Gamino and Zuniga, in investigative and questioning methods that are fair, neutral and impartial. The City's failure to train was the moving force that caused Plaintiff's harm.

**Claim 6:**   Negligence – City employees, including Meraz, Quintanilla, Gamino and Zuniga, have a duty to use reasonable care to prevent harm or injury to others.  Meraz, Quintanilla, Gamino and/or Zuniga breached this duty of care.  This resulted in injury or harm to Plaintiff.  The City is vicariously liable for the conduct of its employees.

**Claim 7:**  Bane Act – City employees, including  Meraz, Quintanilla, Gamino and Zuniga violated Plaintiff's constitutional right to be free from unreasonable detention and arrest without probable cause, and acted with reckless disregard for Plaintiff's rights.  The City is vicariously liable for conduct of its employees.

**Claim 8:** False Arrest and False Imprisonment- City employees, including Meraz, Quintanilla, Gamino and Zuniga, falsely arrested Plaintiff on April 1, 2017 in violation of State law.

**(b)**     **The elements required to establish Plaintiff's claims are:**

**Claim 1**:     **Arrest without probable cause (Fourth Amendment).**

1.     Defendants Gamino and Zuniga acted under color of law;

2.     Plaintiff was arrested without probable cause;

3.     The arrest caused injury, harm, or damage to the Plaintiff.

*See* Ninth Circuit Manual of Model Jury Instructions No. 9.2

**Claim 4:**     **Monell Violation – Failure to Train.**

1. The acts of the Defendants deprived the Plaintiff of his constitutional rights;

2. The Defendants acted under color of state law;

3. The training policies of Defendant City of Los Angeles were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4. Defendant City of Los Angeles was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5. The failure of Defendant City of Los Angeles to provide adequate training caused the deprivation of Plaintiff's rights; that is, Defendant City's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

*Monell*, 436 U.S. 658, 691 (1978); *Oviatt*, 954 F.2d 1470, 1474 (1992); *Larez*, 946 F.2d 630, 646 (1991); Ninth Circuit Model Jury Instruction 9.8—Section 1983 Claim Against Local Governing Body Defendants Based on a Failure to Train—Elements and Burden of Proof.

**Claim 6:**     **Negligence**

1. City employees Meraz, Quintanilla, Gamino and Zuniga had a duty to use reasonable care;

2. City employees breached that duty;

3. Plaintiff was harmed, and

4. City employees' negligence was a substantial factor in causing Plaintiff's harm.

*See*, Cal. Government Code §815.2, CACI 400, Negligence

### Claim 7:      Bane Act Violation-Civil Code §§51, 52.1

1. City employees Meraz, Quintanilla, Gamino and Zuniga interfered with Plaintiff's constitutional rights to be free from unreasonable detention and/or unreasonable seizure;

2. City employees intended to deprive Plaintiff of his enjoyment of the right to be free from unreasonable detention and/or arest without probable cause by acting with reckless disregard to Plaintiff's rights;

3. Plaintiff Premjee was harmed; and

4. City employees' conduct was a substantial factor in causing Plaintiff Premjee's harm.

*See,* Cal. Government Code §815.2, Civil Code §§51, 52.1.

### Claim 8:      False Arrest/ False Imprisonment

1. City employees Meraz, Quintanilla, Gamino and Zuniga intentionally deprived the Plaintiff of his freedom of movement by use of force, menace, and unreasonable duress;

2. The restraint, confinement, or detention compelled Plaintiff to stay or go somewhere for some appreciable time;

3. The Plaintiff did not knowingly or voluntarily consent;

4. The conduct of Meraz, Quintanilla, Gamino and Zuniga was a substantial factor in causing harm to Plaintiff; and

5. The Plaintiff suffered harm.

*See,* CACI 1400, 1401, 1402.

The City is vicariously liable for  the conduct of its employees.  Cal. Government Code §815.2.

(c)     In brief, the Key Evidence Plaintiff relies on for each of the claims collectively is:

1.      Testimony of Plaintiff Armaan Premjee;

2.      Testimony of Sophia Premjee

3.      Testimony of Sonia Premjee

4.      Testimony of Defendant Oscar Gamino;

5.      Testimony of Defendant Carla Zuniga;

6.      Testimony of Hiram Meraz;

7.      Testimony of Julio Quintanilla

8.      Testimony of Arshia Saxena;

9.      Testimony of Kavya Nayar;

10.     Testimony of Madison Seeley;

11.     Testimony of Tanika Mehra;

12.     Testimony of Celine Wilbert;

13.     Testimony of Ronniecia Stringfellow;

14.     Testimony of Arthur Kazaryan;

15.     Testimony of Plaintiff's Expert in Police Practices Roger Clark;

16.     Police Reports;

17.     Supplemental Police Reports;

18.     Arrest Report;

19.     Booking Report;

20.     Search Warrant Affidavit of Zuniga;

21.     Survillance video of Banditos Bar;

22.     Survillance video of Flour Tower;

23.     Still Photos of Hand Gesture outside of Banditos;

24.     Preliminary Hearing Transcript;

25.   Facebook messages between Arshia and Armaan on 04/02/17;

26.   All witnesses listed on Plaintiff's Witness List;

27.   All exhibits identified in Joint Exhibit List

### c.  Defendants' Affirmative Defenses:

Defendant plans to pursue the following affirmative defenses:

**Defense 1:**  Qualified Immunity

**Defense 2** - Reasonable Cause

**Defense 3** - Comparative Negligence of Plaintiff

### d.  The elements required to establish Defendants' affirmative defenses are:

### Defense 1 - Qualified Immunity:

(1)  Did Defendant Gamino and Zuniga's alleged conduct violated a constitutional right;

(2)  If a constitutional right was violated, whether the constitutional right was "clearly established." See *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009).

### Defense 2 - Reasonable Cause:

The elements of this defense is Penal Code section 847(b), which immunizes officers from false arrest/imprisonment liability if 1.) the arrest was lawful or 2.)  the officer has reasonable cause to believe it is lawful. Police need only a "fair probability," not a preponderance of evidence, that a person committed an offense to have probable cause to make an arrest. *Beck v. Ohio,* 379 U.S. 89, 91 (1964).

### Defense 3 - Comparative Neglence of Plaintiff:

Defendants are immune from liability for a "negligent investigation" or "negligent arrest".  (Cal. Civ. Code § 821.6; *Amylou v. County of Riverside,* 28 Cal.App.4th 1205, 1210 (1994).). Notwithstanding this immunity, the elements are: Plaintiff was at fault; the fault was a substantial factor in harm to Plaintiff;

1  Plaintiff's damages are reduced by his percentage of fault.  CACI 406 (2017 ed.)

2       **(e)  In brief, the Key Evidence Defendants rely on for each of the**

3  **defenses collectively is:**

4       Testimony of witness Tanika Mehra, Officers Meraz and Quintanilla

5  (formerly Zamora), Detective Maria Orta, Defendants Zuniga and Gamino,

6  Inestigative report, detetective's follow up report, Blood Alcohol test result, dorm

7  visitor log, Doctor Peter Keenan and Nurse Amanda Murray, Expert witness

8  Sharlene Johnson, sexual assault finings/medical records shared with detectives;

9  text messages from Plaintiff to friend admitting he sexually assaulted victim.

10  **8.  REMAINING TRIABLE ISSUES**

11       In view of the admitted facts and the elements required to establish the claims

12  and affirmative defenses, the following issues remain to be tried:

13  **Plaintiff's Issues**:

14       1.     Whether Plaintiff was arrested without probable cause on April 1,

15  2017.

16       2.     Whether Gamino and Zuniga participated in Plaintiff's continued

17  arrest on April 1, 2017.

18       3.     Whether the City has a custom and practice of failing to train in the

19  gathering of available evidence and information prior to making an arrest.

20       4.     Whether City employees, including Meraz, Quintanilla, Gamino and

21  Zuniga, were negligent.

22       5.     Whether City employees, including Meraz, Quintanilla, Gamino and

23  Zuniga, interfered with Plaintiff's constitutional rights in violation of Civil Code

24  §52.1

25       6.     The nature and extent of Plaintiff's injuries, damage and/or harm.

26       7.     Whether the Plaintiff is entitled to punitive damages, and if so, the

27  amount of those damages.

28

**Defendant's Issues**

1.      Did defendants Gamino and Zuniga arrest Plaintiff?

2.      If so, was the arrest supported by probable cause?

3.      If there was an arrest, did Gamino and Zuniga intend to violate Plaintiff's right to be free from unreasonable seizure?

4.      Did Plaintiff file a tort claim for his April 1, 2017 arrest?

5.      Phase two: Was there a deliberate indifference by municipal policy makers to a widespread and known deficiency in training in probable casue to arrest, and such deliberate indifference was the moving force behind the constitutional injury?

**9.  DISCOVERY**

All discovery is complete.

**10. DISCLOSURES AND EXHIBIT LIST**

Plaintiff identifies the following exhibits which have not yet been produced by Defendants:  Interview of Dr. Keaan (see Plaintiff's Objections to these Exhibits in the Joint Exhibit List).  Defendants contend that they have produced all audiotaped interiews to Plaintiff including the interview of Dr. Keanan (which was not obtained during the Title IX investigation).

To the best of the parties' knowledge, each party has made all other disclosures under Fed. R. Civ. P. 26(a)(3) to the other party.

The proposed joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.

**11. WITNESS LISTS**

Witness lists of the parties have been filed with the Court.

**12. MOTIONS IN LIMINE**

The following law and motion matters and Motions in Limine were withdrawn and/or ruled upon by the Court April 13, 2021 (Doc. 120):

1
<u>**Plaintiff's Motions in Limine**</u>

2
1.     Motion in Limine No. 2 to exclude Arshia's BAC results without proper

3
foundation, including Det. Gamino's hearsay statements in this regard, Dr.

4
Keanon's testimony in this regard; and to exclude Dr. Keaton's opinions

5
that her BAC was "decreasing" and was "higher" at the time of the sex.

6
DENIED.

7
2.     Motion in Limine No. 4 to exclude and/or limit the text messaging

8
between Plaintiff and Harsh Godhwani, and Godhwani's opinions.

9
DENIED.

10
3.     Plaintiff withdrew his Motions in Limine No. 1 and No. 3. (Doc. 109).

11

12
<u>**Defendants' Motions in Limine**</u>

13
1.   Motion in Limine No. 1 to Preclude mention that Premjee was not held to

14
answer following the Preliminary Hearing.  GRANTED.

15
2.   Motion in Limine No. 2 to exclude mention of police scandals, prior bad

16
acts, police personnel information, negative media information, negative

17
accountes of police, etc. (Unopposed – Doc. 109).  GRANTED.

18
3.   Motion in Limine No. 3 to Bifurcate Trial ito a (1) liability phase and (2)

19
Monell and Puntivies Damages phase, if needed.  GRANTED.

20
4.   Motion in Limine No. 5 to preclude references to damages after the

21
district attorney filed the criminal case.  (Unopposed - Doc. 109).

22
GRANTED.

23
5.   Defendants withdrew their Motion in Limine No. 4 (Doc. 109).

24

25
Defendants intend to make a Rule 50(a) motion upon completion of

26
Plaintiff's case in chief.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**13. BIFURCATION**

Court Granted Defendants' Motion to Bifurcate Trial into Two Phases: (1) individual liability; (2) *Monell* liability and amount of punitive damages. (Doc. 120).

**14. ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated:  May 19, 2021    _____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE